UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IDA HAWKINS, CHARLOTTE HAWKINS, and CHRISTOPHER HAWKINS, in their individual and representative capacities | * * * * * | CIVIL ACTION NO.: |
| Plaintiffs | * * | |
| v. | * * | SECTION: |
| CLINICAL PARTNERS-LOUISIANA, PLLC | * * | **JURY DEMAND** |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE, UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

**COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, Ida Hawkins, Charlotte Hawkins, and Christopher Hawkins, who respectfully allege the following:

**I. PARTIES**

1. Made Plaintiffs herein are:

    a. IDA HAWKINS,[1,2] a person of the full age of majority, and domiciled in the Parish of Morehouse, State of Louisiana.

    b. CHARLOTTE HAWKINS, a person of the full age of majority, and domiciled in the Parish of Morehouse, State of Louisiana.

    c. CHRISTOPHER HAWKINS,[3] a person of the full age of majority, and domiciled in the Parish of Morehouse, State of Louisiana.

---

[1] Ida Hawkins is the mother Charlotte Hawkins and is the curatrix for interdict Charlotte.

[2] Included as claimants in this action are the minor children of Charlotte Hawkins – S.L., E.L., C.H., and C.H.

[3] Christopher Hawkins is the spouse of Charlotte Hawkins and father of the minor children C.H. and C.H.

2. Made Defendant herein is:

   a. CLINICAL PARTNERS-LOUISIANA, PLLC ("Clinical Partners"), upon information and belief, a Texas professional limited liability company with its principal business office in the State of Colorado.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000, and this civil action is between citizens of different states.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions that gave rise to the claims, as more fully described below, occurred in this Judicial District.

## III. FACTS

5. Charlotte Hawkins was admitted to Morehouse Parish Hospital Service District d/b/a Morehouse General Hospital ("Morehouse General Hospital) on June 15, 2012 for a for a scheduled caesarian section to be performed on June 15, 2012 by Dr. Janos Guoth, a board certified obstetrician gynecologist.

6. Prior to the surgery, Charlotte was placed under anesthesia which was administered through a spinal injection by a nurse anesthetist, Andre Michel Leblanc. During the post-operative period, Charlotte apparently became agitated and Nurse Leblanc administered Benadryl through an IV, ostensibly to calm Charlotte down.

7. Upon information and belief, Defendant, Clinical Partners-Louisiana, PLLC provided contracted with Morehouse General Hospital to provide anesthesia services to the hospital and, as part of this agreement, provided Certified Registered Nurse Anesthetists ("CRNAs") to Morehouse General Hospital including, Nurse Leblanc.

8. Shortly after receiving the Benadryl, Charlotte experienced respiratory depression and became unresponsive at 6:05 p.m., at which time, Nurse Leblanc attempted to intubate Charlotte. At this point, Charlotte had a blood pressure of 87/40 and oxygen saturation of 88%. Nurse Leblanc, however, negligently failed to intubate Charlotte correctly and, in fact, placed the intubation tube in Charlotte's esophagus. Nurse Leblanc and/or the nurses in the Post-Anesthesia recovery room, Adam Clampit, RN and Teresa Hankins, RN also failed to confirm proper intubation tube placement such that they began pumping air into Charlotte's stomach instead of her lungs for an extended period of time.

9. As a direct and proximate cause of the improper tube placement and failure to recognize the tube had been misplaced, Charlotte then suffered cardiac arrest. A code was then called and the code team arrived at 6:11 p.m.

10. The code team, led by Dr. Daniel Umoh, who is, upon information and belief, a board certified Family Medicine physician, attempted to resuscitate Charlotte. However, Dr. Umoh and his team failed to recognize the intubation tube was improperly placed. It was only when Dr. Guoth, Charlotte's OB/Gyn, arrived to observe the code that the improper tube placement happened to be discovered. Specifically, he noted that Charlotte's belly was abnormally distended which prompted him to question the placement of the intubation tube. Upon discovering the improper tube placement Nurse Leblanc once again attempted to intubate Charlotte, but this time, he placed the tube improperly by placing it too far down Charlotte's bronchus such that only her right lung was receiving oxygen. This mistake was discovered with a chest X-ray, and upon receiving the imaging results, Charlotte was then intubated correctly.

11. As a direct and proximate cause of the aforementioned acts of negligence, which include failures related to improperly intubating Charlotte, failures related to improperly

managing the code, and failures in connection with improperly staffing and/or supervising the anesthesia and emergency services provided to Charlotte, Charlotte suffered a severe hypoxic brain injury, which has left her with significant and permanent disabilities.

12. Specifically, upon information and belief, Defendant, Clinical Partners-Louisiana, PLLC, failed to properly staff the anesthesia services at Morehouse General Hospital and/or failed to perform other administrative functions, including distribution and maintenance of adequate safety protocols, such as those related to proper intubation techniques and drug safety.

13. Upon information and belief, Defendant, Clinical Partners-Louisiana, PLLC, is not a qualified health provider under the Louisiana Medical Malpractice Act and, therefore, this proceeding need not go before a medical review panel as required by the statute.[4]

14. Plaintiffs were injured as a direct and proximate cause of these aforementioned failures.

## V. DAMAGES

15. As a result of the foregoing, Plaintiffs are entitled to an award of damages to include all compensatory, special, and other damages as are reasonable in the premises, as well as attorneys' fees, expert witness fees, judicial interest, costs, and all other relief to which they may be entitled by law or equity.

## VII. PRAYER

**WHEREFORE**, Plaintiffs pray that, after due proceedings had, there be judgment rendered in their favor, and that they be awarded compensatory damages, special damages, costs,

---

[4] A request for a medical review panel was submitted naming Clinical Partners-Louisiana, PLLC on September 4, 2013; however, Plaintiffs were notified on October 30, 2013, that Defendant was not a qualified health care provider.

legal interest, expert witness fees, and any other relief to which he is entitled under law and/or equity.

        Respectfully submitted,

        **SANGISETTY & SAMUELS, LLC**

        **/s/** *Ravi Sangisetty*
        **Ravi K. Sangisetty (LA Bar No. 30709)**
        935 Gravier Street, Suite 1150
        New Orleans, LA 70112
        (t) (985) 381-2985
        (f) (504) 324-0607
        (e) rks@sangisettylaw.com